# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT TONKINS | * | |
| Petitioner | * | |
| v | * | Civil Action No. PWG-17-14 |
| US PAROLE COMMISSION | * | |
| Respondent | * | |
| | *** | |

## **MEMORANDUM OPINION**

Petitioner Robert Tonkins is a federal prisoner confined at the Federal Correctional Institution ("FCI") in Cumberland, Maryland. He has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, seeking to remove a warrant issued by the United States Parole Commission ("USPC"). Pet., ECF No. 1; Supp., ECF No. 3. In its response and motion to dismiss, the USPC defends its issuance of the warrant and argues that its execution is properly delayed until Tonkins completes his current term of incarceration. ECF No. 8. There is no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; Loc. R. 105.6; *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not necessarily entitled to a hearing). For the reasons stated below, the Petition shall be denied, USPC's motion granted, the case dismissed, and a Certificate of Appealability shall not issue.

**I.   Background**

Respondent provides the following unopposed outline of Tonkins's criminal history.

> On March 15, 2002, the Superior Court of the District of Columbia sentenced Tonkins to 15 years of imprisonment with 20 years of supervised release for armed carjacking, armed robbery, possession of a firearm during a crime a violence, carrying a pistol without a license, possession of a unregistered

firearm, and unauthorized use of a vehicle. (Ex. A, Bureau of Prisons Sentence Monitoring Computation Data, at 1.) Petitioner was released from incarceration on June 12, 2015, at which time he commenced the 20-year supervised release term. (*Id.* at 2.) . . .

On January 17, 2016, Petitioner was arrested for possession of a firearm, possession of ammunition, theft, and receiving stolen property. (Ex. B, USPC Warrant and Warrant Application, at 4.) On July 26, 2016, Petitioner was convicted of possession of a firearm by a convicted felon by the United States District Court for the District of Maryland, and sentenced to 46 months in prison with three years of supervised release. (Ex. C, supplement to warrant application.)

Resp. & Mot. 1–2; *see also* Supp. to Warrant Application, ECF No. 8-3; *United States v. Tonkins,* Crim. No. PWG-16-53 (D. Md.).

Based on that 2016 arrest, and prior to his sentencing in this Court, the USPC issued a warrant charging Tonkins with violations of the D.C. Code supervised release term.[1] Tonkins states that at his sentencing in this Court, I asked that the USPC commence any sentence imposed as a result of his supervised release violation concurrent with the 46-month sentence imposed. ECF No. 11. Although a transcript of the sentencing hearing has not been prepared, Tonkin's recollection is supported by the criminal judgment, in which "[t]he Court recommend[ed] to the Parole Commission that any sentence for Violation of Parole run concurrently with this sentence." Jmt. 2, ECF No. 25 in Case No. PWG-16-53.

---

[1] As noted by Respondent, the USPC has jurisdiction to issue a parole violation warrant pursuant to D.C. Code § 24-133(c)(2), which provides in part:

> The [Court Services and Offender Supervision] Agency shall supervise any offender who is released from imprisonment for any term of supervised release imposed by the Superior Court of the District of Columbia. Such offender shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release. The United States Parole Commission shall have and exercise the same authority as is vested in the United States district courts by paragraphs (d) through (i) of § 3583 of title 18, United States Code . . . .

## II. Discussion

Respondent states that the warrant was "placed as a detainer while Petitioner served the new federal sentence" imposed in this Court, and insists that Tonkins "is not entitled to have the USPC conduct a supervised release revocation hearing until he completes the intervening sentence, and the warrant is executed." Resp. & Mot. 2, 4; *see* Warrant Execution Instructions, ECF No. 8-2, at 5 ("If the prisoner is already in the custody of federal, state or local authorities, do not execute the Commission's warrant. Place a detainer and notify the Commission for further instructions."). Tonkins argues that the warrant *was* executed and therefore, placement of a detainer was improper following his return to federal custody; in his view, he instead is entitled to a parole violation hearing within 90 days of the date of execution of the warrant or as soon as practical. Reply 1, ECF No. 11. Tonkins submits what appears to be an executed warrant (Warrant Return, ECF No. 11-1, at 7), and asserts that on July 26, 2016, immediately after he was sentenced in this Court, the USPC arrested him, detained him in the District of Columbia, and then returned him to FCI-Cumberland to serve the sentence imposed by this Court a few weeks later. Reply 1. Based on Tonkins's Reply and the Warrant Return, on May 11, 2018, I ordered Respondent to show cause why the relief sought should not be granted. ECF No. 12.

Respondent notes that the Warrant itself, as well as the Warrant Execution Instructions accompanying the warrant directed the U.S. Marshals Service not to execute the warrant "if Petitioner was being held in custody on new state or federal charges," absent order by the USPC. Resp. to Show Cause Order 2, ECF No. 13; *see* Warrant and Warrant Execution Instructions, ECF No. 8-2, at 2, 5. According to Respondent, the Marshals Service mistakenly executed the warrant on July 26, 2016, and corrected the error the following day, July 27 2016, by re-lodging

3

the warrant as a detainer, thus voiding the execution of the warrant. Resp. to Show Cause Order 2; *see* July 27, 2016 Email from USPC to U.S. Marshals Service, ECF No. 13-1 ("Our warrant was executed yesterday, 7-26-16 and the subject was taken to DC Jail where he remains. However, the subject was also sentenced to 46 months in the U.S. District Court for the District of Maryland yesterday. Therefore the warrant was executed in error and should be re-lodged as a detainer as he has not yet completed this new sentence. I will void our copy of the executed warrant."); July 27, 2016 Email from USPC to USPO Awkward (noting that "USMS in Baltimore . . . will ensure that [USPC's] warrant is re-lodged as a detainer"; attaching copy of "warrant supplement dated 7-26-16"), ECF No. 13-2.

### III. Analysis

Respondent correctly outlines the regulatory action permitted the USPC may take in response to an individual's violation of the conditions of supervised release:[2]

> When a D.C. Code offender on supervised release is alleged to have violated the conditions of release, the USPC may issue a summons requiring him to appear for a probable cause hearing or revocation hearing, issue a warrant to return him to custody, or withhold issuance of the warrant based on the frequency or seriousness of the violations. *See* 28 C.F.R. § 2.211. If the violation includes new criminal conduct, the USPC may temporarily withhold issuance of the warrant, issue the warrant and hold it in abeyance, issue the warrant and lodge a detainer with the custodial authority, or issue the warrant to retake the releasee into custody. *Id.* If the releasee is convicted of a criminal offense while on supervised release and is serving a new prison sentence, the USPC may lodge its warrant against him as a detainer to be executed when he completes the intervening sentence. *See* 28 C.F.R. § 2.213(a). The USPC has the discretion to decide when to initiate proceedings to revoke supervised release so that all relevant information is available to make its decision or decide to defer a final decision. *See* 28 C.F.R § 2.213(b); *Moody v. Daggett*, 429 U.S. 78, 87 (1976) (upholding

---

[2] In the District of Columbia, felonies committed on or after August 5, 2000 receive determinate, non-parole-eligible sentences. *See* D.C. Code § 24-403.01; *id.* § 24-408(a-1) ("Notwithstanding any other provision of law, subsection (a) of this section [authorizing release on parole] shall not apply to any offense committed on or after August 5, 2000."). Because his offense was committed on April 14, 2001, *see* Sentence Monitoring Comp. Data 2, ECF No. 8-1, Tonkins is subject to these provisions.

4

> USPC's decision to delay revocation hearing until completion of new sentence, which effectively runs the violator term consecutively to the new sentence).
>
> Under the USPC's regulations, when a D.C. Code supervised releasee is taken into custody based upon a USPC warrant, ordinarily a probable cause hearing is conducted within five days to determine whether there is probable cause to believe that the releasee violated the conditions of supervised release. *See* 28 C.F.R. § 2.214(a).

Resp. & Mot. 2–3.

As for Tonkins's right to a probable cause hearing, Respondent notes that Tonkins's "current confinement is the result of his new sentence, not the supervised release violation warrant" and argues that in this instance, Tonkins's "conviction for a new federal offense that he committed while on supervised release clearly establishes probable cause to believe that he violated the conditions of supervised release and ends his right to contest the corresponding violation of supervised release at his revocation hearing." *Id.* at 3 (citing *Moody*, 429 U.S. at 89; *Morrissey v. Brewer*, 408 U.S. 471, 490 (1972) (when parolee is convicted of an offense while on parole, the only remaining inquiry is whether release is justified notwithstanding the violation). Indeed, in *Moody*, the Supreme Court concluded that where, as here, the

> petitioner has already been convicted of and incarcerated on a subsequent offense, there is no need for the preliminary hearing . . . because the subsequent conviction obviously gives the parole authority 'probable cause or reasonable grounds to believe that the . . . parolee [or individual on supervised release] has committed acts that would constitute a violation of parole [or supervised release] conditions,' and because issuance of the warrant does not immediately deprive the parolee [or individual on supervised release] of liberty. The 1976 Act calls for no preliminary hearing in such cases.

429 U.S. at 86 n.7 (quoting *Morrisey v. Brewer*, 408 U.S. 471, 485 (1972); citing 18 U.S.C. § 4214(b)(1) (1976)). Accordingly, Tonkins is not entitled to a probable cause hearing. *See id.*

Moreover, the parties agree that Tonkins's right to a supervised release revocation hearing arises when the warrant is executed. *See* Reply 1; Resp. to Show Cause Order 2. USPC has established that the warrant that was mistakenly executed was voided and re-lodged as a

5

detainer. *See* Resp. to Show Cause Order 2; July 27, 2016 Email from USPC to U.S. Marshals Service; July 27, 2016 Email from USPC to USPO Awkward. Thus, the proper execution of a warrant that would trigger the requirement of a revocation hearing has not occurred. Although the U.S. Marshals Service mistakenly executed the warrant before it was re-lodged, the USPC correctly notes:

> When the Marshals Service does not follow the Commission's specific instructions concerning how the warrant is to be handled, and executes the warrant contrary to the Commission's instructions, then the execution of the warrant is a legal nullity. *See McConnell v. Martin*, 896 F.2d 441, 444-45 (10th Cir.), *cert denied*, 498 U.S. 861 (1990) (holding that warrant was not validly executed where the Marshals Service ignored the Commission's specific and qualifying conditions accompanying the warrant).
>
> It is well established that an invalidly executed parole violation warrant does not trigger the Commission's procedural obligation to conduct a revocation hearing. *See Barnard v. Henman*, 89 F.3d 373, 378 (7th Cir. 1996) (holding that Marshals Services' error in executing the warrant when prisoner was transferred from jail to state prison did not constitute "release" in the context of parole violation warrants); *Sinclair v. Henman*, 986 F.2d 407, 409 (10th Cir. 1993) (holding that the Commission was not required to conduct the revocation hearing even if the Commission never withdrew the invalidly executed warrant); *see also Turner v. U.S. Parole Comm'n*, 934 F.2d 254 (10th Cir. 1991); *Chandler v. Barncastle*, 919 F.2d 23, 26-27 (5th Cir. 1990); *McConnell*, 896 F.2d at 445-446. Because the warrant was not validly executed in the first place, it did not trigger the Commission's procedural obligations to conduct a revocation hearing. *See Barnard*, 89 F.3d at 378.

Resp. to Show Cause Order 2–3. Therefore, Tonkins is not yet entitled to a revocation hearing, and his petition is without merit. *See Barnard*, 89 F.3d at 377–78 (agreeing with the Fifth and Tenth Circuits in adopting this rule); *see also Gates v. U.S. Parole Comm'n*, No. 08CV779 LO/TCB, 2009 WL 1077288, at *2 (E.D. Va. Apr. 16, 2009) ("Moreover, even if the parole violator warrant in fact was executed simultaneously with the New York arrest warrant on October 27, 1999, that action was taken in direct contravention of the Commission's instructions that its warrant was not to be executed if the 'parolee is released on bond [or] ... if a criminal arrest warrant has been issued for parolee,' Resp. Ex. E, because Gates at that juncture was both

6

a releasee on bond and the subject of a criminal arrest warrant. Therefore, if it did occur, execution of the Commission's warrant in 1999 as a matter of law was void and ineffective. Under such circumstances, Gates had no entitlement to an immediate revocation hearing." (citing *Sinclair v. Henman,* 986 F.2d 407 (10th Cir. 1993), *cert. denied,* 510 U.S. 842; *Chandler v. Barncastle,* 919 F.2d 23 (5th Cir. 1990); *McConnell,* 896 F.2d 441; *Moody,* 429 U.S. at 89)).

On June 12, the Court received a letter from Mr. Tonkins, stating that he had just received the Response to the Show Cause Order and noting that USPC first stated that the "warrant was never executed" and then stated that it "was mistakenly executed." ECF No. 14. He asserts that the detainer "hinders [him]" because it prevents his acceptance into "a program to help [him] re-adjust back into society," and he asks that the Court "order the U.S. parol [sic] commission to withdraw this warrant so that [he] can enter the much needed programs to help [him] re-adjust back into society and become a better citizen." *Id.* Because the warrant was properly lodged as a detainer, as discussed above, I will deny this request.

## IV. Conclusion

The placement of the supervised release warrant as a detainer while Tonkins completes his new sentence is within the USPC's broad authority. USPC's motion to dismiss, ECF No. 8, is granted, and habeas corpus relief is denied. Additionally, I decline to issue a certificate of appealability as the claim presented is not one that "deserve[s] encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A separate Order shall be entered in accordance with this Memorandum Opinion.

Date: <u>June 14, 2018</u>    ___/S/_____
                                                                                          Paul W. Grimm
                                                                                          United States District Judge